48 F.3d 1236
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Louisa A. CORBETT, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 94-3533.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1995.
 
 63 M.S.P.R. 289.
 AFFIRMED.
 Before MICHEL, LOURIE and BRYSON, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Louisa A. Corbett appeals the decision of the Merit Systems Protection Board (Board), Docket Number PH-0432-93-0201-B-1, which became final on June 23, 1994, when the Board denied review of the initial decision issued February 24, 1994. The Board affirmed the action of the Department of the Air Force (the agency) which removed Corbett from her position as a contract specialist due to unsatisfactory performance. We affirm.
 
 DISCUSSION
 
 2
 Corbett was reassigned, effective March 10, 1991, from the position of secretary to that of a contract specialist. Four separate co-workers were successively assigned the task of training Corbett, each of whom was replaced when Corbett continued to experience problems and complained of inadequate training.
 
 
 3
 On February 26, 1992, the agency served Corbett with a written notice that she was performing her job in a less than fully successful manner. Corbett grieved this evaluation because it was based upon the recently revised performance plan. As a resolution to her grievance, the agency evaluated Corbett based upon the previous performance plan. The second evaluation also found Corbett to be deficient. The agency decided to let these letters simply serve as a notice of deficiencies and wrote Corbett a letter saying as much.
 
 
 4
 On July 28, 1992, the agency served Corbett with a notice of unacceptable performance and opportunity to improve. Corbett was placed on a 75-day performance improvement plan (PIP) from July 29, 1992 to October 14, 1992. The agency informed Corbett of the specific details regarding her unacceptable performance and the required actions to improve her performance to acceptable levels. One aspect of Corbett's unacceptable performance was her insufficient ability to extract and input contracting data into the BCAS database.
 
 
 5
 On December 9, 1992, the agency proposed Corbett's removal based upon her continued unacceptable performance during the PIP. After Corbett's oral and written responses, the agency removed Corbett, effective January 12, 1993. Corbett then appealed her removal to the Board.
 
 
 6
 In order to sustain the removal action, the agency must establish by substantial evidence, inter alia, that (1) Corbett's performance was unsatisfactory and that (2) Corbett was afforded an opportunity to demonstrate acceptable performance. Addressing only the latter issue, the Administrative Judge (AJ) found that Corbett had not been given an opportunity to demonstrate acceptable performance. Upon petition for review of the initial decision, however, the full Board reversed the AJ. The full Board found that Corbett had indeed been given an opportunity to demonstrate acceptable performance and remanded the case to the AJ to determine the former issue, whether the agency proved its charges of unacceptable performance. Upon remand, the AJ found, based upon testimonial and documentary evidence, that the agency had shown by substantial evidence that Corbett's performance was unacceptable in a critical element of her job description, the ability to extract and input contracting information using the BCAS database. Because unacceptable performance in one critical element is sufficient ground for removal, the AJ affirmed the agency's removal action. Upon the full Board's denial of review, the AJ's initial decision became final and Corbett has now appealed to this court.
 
 I.
 
 7
 Corbett argues that the Board's finding, that the agency proved unacceptable work performance, is not supported by substantial evidence. For each of the five instances of unacceptable performance cited by the agency, Corbett offers an excuse. For example, she argues that two of the instances were caused by computer error, rather than her own error. Corbett's argument, however, conflicts with the testimony of her supervisors, whose testimony the AJ found more credible than Corbett's. Because Corbett challenges the AJ's credibility determination but fails to provide evidence which makes the Board's credibility determination "inherently improbable or discredited by undisputed fact or physical evidence," we affirm the Board's findings. Carosella v. United States Postal Serv., 816 F.2d 638 (Fed.Cir.1987).
 
 II.
 
 8
 An employee must be afforded a "reasonable chance" to demonstrate acceptable performance. 5 C.F.R. Sec. 432.103(d) (1994). Corbett alleges that her co-workers were instructed not to help her and that many of the meetings with her supervisors were perfunctory in nature. She consequently argues that she was inadequately trained and, therefore, was not afforded a reasonable chance to demonstrate acceptable performance during the PIP. However, the record contains substantial evidence to support the Board's finding that the agency provided Corbett with a reasonable opportunity to demonstrate acceptable performance. Although other co-workers were instructed not to help Corbett, Corbett's supervisor and trainer were generally available to answer Corbett's questions. The documentary and testimonial evidence supports the finding that Corbett's supervisor met with Corbett on a weekly basis to give Corbett feedback on Corbett's performance. Moreover, it is undisputed that Corbett's trainer assisted Corbett on two days for approximately half the day on each occasion during the PIP. Because the Board's factual findings were supported by substantial evidence, we affirm. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 9
 We have considered Corbett's other arguments and find them unpersuasive.